FILED 2007 OCT 10 PM 4:20
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2007 Grand Jury  **07-01141**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07- |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Possess with Intent to Distribute and Distribute Methamphetamine; 21 U.S.C. § 843(b): Use of a Communication Facility in Committing a Felony Drug Offense] |
| KENNETH BERNARD RILEY, aka "Kenny Boy," JOSEPH CARTER, aka "S.A.," and "JUVIE," | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.  OBJECTS OF THE CONSPIRACY

Beginning on or about February 8, 2006, and continuing to on or about February 9, 2006, in Los Angeles County, within the Central District of California, and elsewhere, defendants KENNETH BERNARD RILEY, also known as ("aka") "Kenny Boy" ("RILEY"), JOSEPH CARTER, aka "S.A." ("CARTER"), "JUVIE," and others known and unknown to the Grand Jury, conspired and agreed with each

other to knowingly and intentionally (a) possess with intent to distribute and (b) distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

B.  <u>MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED</u>

The objects of the conspiracy were to be accomplished in substance as follows:

1.  Defendant JUVIE would contact defendant RILEY about purchasing methamphetamine.

2.  Defendant RILEY would contact defendant CARTER to ask defendant CARTER to supply methamphetamine to defendant JUVIE.

3.  Defendant RILEY would negotiate with defendant CARTER the quantity and price of methamphetamine to be supplied to defendant JUVIE.

4.  Defendant RILEY and defendant CARTER would arrange to have an individual known as "Bones" deliver the methamphetamine to defendant JUVIE.

C.  <u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants, and others known and unknown to the Grand Jury, committed various overt acts on or about the following dates, within the Central District of California and elsewhere, including but not limited to the following:

1.  On February 8, 2006, in a telephone conversation and using coded language, defendant RILEY and defendant JUVIE

discussed defendant JUVIE obtaining methamphetamine from defendant CARTER.

2. On February 8, 2006, in a telephone conversation and using coded language, defendant RILEY told defendant JUVIE that the last time defendant RILEY had purchased methamphetamine from defendant CARTER, defendant CARTER had charged approximately $550 per ounce.

3. On February 8, 2006, in a telephone conversation and using coded language, defendant JUVIE told defendant RILEY that he wanted a half pound of crystal methamphetamine.

4. On February 8, 2006, in a telephone conversation and using coded language, defendant RILEY told defendant JUVIE that defendant RILEY would call defendant CARTER to ask whether defendant CARTER had any methamphetamine available for defendant JUVIE.

5. On February 8, 2006, in a telephone conversation and using coded language, defendant RILEY asked defendant CARTER if "Bones" could provide a half pound of crystal methamphetamine.

6. On February 9, 2006, in a telephone conversation and using coded language, defendant RILEY told defendant JUVIE that defendant CARTER had said that "Bones" did not have a pound of methamphetamine, but that "Bones" could supply ounce-quantities of methamphetamine.

7. On February 9, 2006, in a telephone conversation and using coded language, defendant JUVIE told defendant RILEY that he wanted seven ounces of methamphetamine.

8. On February 9, 2006, in a telephone conversation and using coded language, defendant RILEY told defendant CARTER that

defendant JUVIE wanted a half pound of methamphetamine if it was available, but if not, then defendant JUVIE wanted seven ounces.

9. On February 9, 2006, in a telephone conversation and using coded language, defendant CARTER told defendant RILEY that "Bones" had eight ounces of methamphetamine for $4,650, or one ounce for $675.

10. On February 9, 2006, in a telephone conversation and using coded language, defendant JUVIE asked defendant RILEY when defendant JUVIE could get the methamphetamine from defendant CARTER.

11. On February 9, 2006, defendant RILEY gave defendant JUVIE defendant CARTER's telephone number.

12. On February 9, 2006, defendant CARTER arranged for "Bones" to deliver the methamphetamine to defendant JUVIE.

13. On February 9, 2006, in a telephone conversation and using coded language, defendant CARTER told defendant RILEY that defendant JUVIE had bought the methamphetamine for someone else, and that defendant JUVIE had agreed to give defendant CARTER $300 of the profit that defendant JUVIE made from the sale of the methamphetamine to the other person.

14. On February 9, 2006, in a telephone conversation and using coded language, defendant CARTER told defendant RILEY that he had sold defendant JUVIE eight ounces of methamphetamine, and asked defendant RILEY to call defendant JUVIE to tell defendant JUVIE that defendant CARTER was ready to get the $300 that defendant JUVIE had promised him.

COUNT TWO

[21 U.S.C. § 843(b)]

On or about February 8, 2006, in Los Angeles County, within the Central District of California, defendant KENNETH BERNARD RILEY, also known as "Kenny Boy," knowingly and intentionally used a communication facility, namely, a telephone, in committing and causing and facilitating the commission of a felony drug offense, namely, conspiracy to possess with intent to distribute and distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. § 846.

## COUNT THREE

[21 U.S.C. § 843(b)]

On or about February 8, 2006, in Los Angeles County, within the Central District of California, defendant JOSEPH CARTER, also known as "S.A.," knowingly and intentionally used a communication facility, namely, a telephone, in committing and causing and facilitating the commission of a felony drug offense, namely, conspiracy to possess with intent to distribute and distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. § 846.

COUNT FOUR

[21 U.S.C. § 843(b)]

On or about February 8, 2006, in Los Angeles County, within the Central District of California, defendant "JUVIE" knowingly and intentionally used a communication facility, namely, a telephone, in committing and causing and facilitating the commission of a felony drug offense, namely, conspiracy to possess with intent to distribute and distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. § 846.

A TRUE BILL

/S/
FOREPERSON

GEORGE S. CARDONA
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

BONNIE L. HOBBS
Assistant United States Attorney
Violent and Organized Crime Section